Robyn Harper **HELMS, Individually and as Independent Administrator for the Estate of Felicia Dale Harper, Appellant,**

v.

**Dr. D. GONZALEZ, Individually and d/b/a D. Gonzalez and Associates, Appellees.**

**No. 11–93–290–CV.**

Court of Appeals of Texas, Eastland.

Aug. 25, 1994.

John C. Sherwood, John L. Corn, Dallas, for appellant.

Charles G. Bell, Steve Nagle, Gwinn & Roby, Dallas, for appellees.

## Opinion

DICKENSON, Justice.

Robyn Harper Helms sued Dr. D. Gonzalez and his business, D. Gonzalez and Associates, for negligence, gross negligence, and malpractice after her two-year-old daughter, Felicia Dale Harper, died from injuries sustained in an automobile accident. The trial court entered a take-nothing summary judgment in favor of appellees. We affirm.[1]

### Points of Error

Appellant asserts four points of error in which she argues that the trial court erred in granting appellees' motion for summary judgment. In the first two points, appellant argues that there was a genuine issue of fact concerning the duty owed by appellees. In the third point, appellant contends that a genuine issue of fact existed concerning the

proximate cause of the injuries. In her fourth point, appellant argues that appellees were not entitled to summary judgment based upon the statute of limitations.

### Standard of Review

■ In order to determine if the trial court erred in granting the motion for summary judgment, we must consider the summary judgment evidence in the light most favorable to the non-movant, indulging all reasonable inferences in favor of the non-movant, in order to determine whether the movants proved that there was no genuine issue of material fact and that they were entitled to judgment as a matter of law. See *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546 (Tex.1985); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). In order for appellees to be entitled to summary judgment, they must have either disproved an element of each of appellant's causes of action or proved each element of the affirmative defense of limitations as a matter of law. See *Way v. Boy Scouts of America*, 856 S.W.2d 230, 233 (Tex.App.—Dallas 1993, writ den'd). Because the trial court did not specify upon what ground it granted the motion, the summary judgment will be affirmed if any of appellees' theories are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

### Summary Judgment Evidence

Appellant's husband, Raymon Dale Helms, is a heroin addict who sought treatment for his addiction at appellees' clinic. Raymon was admitted as a patient on August 11, 1990. His treatment included a daily dose of methadone, a drug "which causes significant sedation." Appellees' nurse gave Raymon 20 milligrams of methadone on August 11, 1990. The dosage was gradually increased to 60 milligrams by September 15, 1990. On September 21, 1990, Raymon drove to the clinic for his daily methadone treatment. Both appellant, who was quadriplegic, and their daughter, Felicia, accompanied Raymon that

---

1. This appeal was transferred from the Dallas Court of Appeals to this court pursuant to TEX. GOV'T CODE ANN. § 73.001 (Vernon 1988).

day. After receiving his injection of methadone, Raymon had a wreck in which all three family members were injured. Appellant contends that the methadone caused Raymon to fall asleep while driving. On May 18, 1991, Felicia died from injuries sustained in that wreck. Appellant filed this suit on September 24, 1992.

### Duty Owed to Non–Patient

■ In the first two points of error, appellant argues that the trial court erred in granting the motion for summary judgment because there was a genuine issue of material fact concerning the "duty" owed by appellees and the "breach" of that duty. Appellant relies on *Gooden v. Tips,* 651 S.W.2d 364 (Tex.App.—Tyler 1983, no writ). In *Gooden,* supra at 369, which involves similar facts, the court stated that:

> [U]nder proper facts, a physician can owe a duty to use reasonable care to protect the driving public where the physician's negligence in diagnosis or treatment of his patient contributes to plaintiff's injuries.

The Tyler court held that the physician, who had prescribed an intoxicating drug to a patient, may have had a duty to warn his patient not to drive while under the influence of that drug. The Tyler court specifically declined to hold that the physician had a duty to *prevent* his patient from driving. In *Gooden,* supra at 370, the court agreed that, if the physician had given a warning of the side effects of the drug, he would have fulfilled his duty and he could not be held liable. *Gooden* has been cited with approval by the Texas Supreme Court for the proposition that "physician may owe duty to motoring public to warn patient of drug side effects." *El Chico Corporation v. Poole,* 732 S.W.2d 306, 312 (Tex.1987).

The facts in the instant case are distinguishable from those in *Gooden* because the summary judgment evidence shows that appellees fulfilled their duty to warn of the drug's side effects. Appellant admitted that appellees did warn the patient that the side effects of methadone include: "weakness, insomnia, *drowsiness,* agitation, dry mouth, anorexia, *faintness, dizziness,* skin rashes, and swelling, and decrease of sexual function in males." (Emphasis added) The affidavits of appellant and her husband show their awareness that the methadone "made him sleepy and that he was 'nodding out' behind the wheel while operating our car." They each state that they had informed appellees of this problem many times before the wreck. We hold that appellees fulfilled their duty to warn Raymon concerning the side effects of methadone, that they had no duty to prevent Raymon from operating a motor vehicle, and that they were not negligent in connection with the motor vehicle accident.

■ Appellant also asserts that appellees are liable for medical malpractice under TEX.REV.CIV.STAT.ANN. art. 4590i (Vernon Supp.Pamph.1994). We disagree. Article 4590i, section 1.03(a)(4) provides:

> "Health care liability claim" means a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care or health care or safety which proximately results in injury to or death of the patient, whether the *patient's claim or cause of action* sounds in tort or contract. (Emphasis added)

The duty derived from Article 4590i applies only to patients. See *Flynn v. Houston Emergicare, Inc.,* 869 S.W.2d 403, 405 (Tex. App.—Houston [1st Dist.] 1993, writ den'd). The summary judgment evidence shows that no physician-patient relationship existed between appellees and appellant or between appellees and Felicia. Appellant's first and second points of error are overruled. Because of our ruling on the first two points, the remaining points of error become moot and need not be addressed.

The judgment of the trial court is affirmed.